996 F.2d 1228
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Richard P. FLORES, Defendant-Appellant.
 No. 92-30325.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 15, 1993.*
Decided July 2, 1993.
 
 1
 Before: WALLACE, Chief Judge, HUG, and RYMER, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard P. Flores appeals a sentence imposed after his conviction for assaulting his three-week-old daughter and causing her serious bodily injury, in violation of 18 U.S.C. §§ 113(f), 1151, and 1153. Flores argues that the district court's application of a six-level upward departure in calculating his sentence was unauthorized, lacked a proper factual basis, and was unreasonable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 4
 * Pursuant to U.S.S.G. §§ 2A2.2(a) and 2A2.2(b)(3)(B), the district court set Flores's base offense level at 19 with a criminal history category of I. The court added a two-level enhancement for the vulnerability of the victim, resulting in an adjusted offense level of 21, and a sentencing range of 37 to 46 months. Noting the unusual facts of this case, the court then departed upward by six-levels to 27, yielding a corresponding Guidelines range of 70 to 87 months. Flores was ultimately sentenced to a 78 month term of imprisonment.
 
 II
 
 5
 The district court determined that a six-level upward departure was warranted under three different sections of the Guidelines: §§ 5K2.0 (vulnerability of the victim), 5K2.2 (physical injury), and 5K2.8 (extreme conduct). We employ a three-step process in reviewing a district court's departure from the Sentencing Guidelines. United States v. Lira-Barraza, 941 F.2d 745, 746 (9th Cir.1991) (en banc). We consider: (1) whether the district court had the authority to depart because of an aggravating circumstance of a kind or to a degree not adequately considered by the Sentencing Commission when formulating the Guidelines, a question which we review de novo; (2) whether the district court committed clear error in finding any of the facts on which it relied to depart; and (3) whether the degree of departure was reasonable. Id. at 746-47.
 
 
 6
 * Flores contends that the district court lacked the authority to depart upward based on the victim's vulnerability and the physical injury which the victim suffered as the result of Flores's abuse. Flores maintains that these two bases for the district court's departure were adequately taken into account by the Sentencing Commission.
 
 
 7
 Flores's argument is without merit. Section 5K2.0 provides that "the [sentencing] court may depart from the guidelines, even though the reason for departure is taken into consideration in the guidelines (e.g. as a specific offense characteristic or other adjustment), if the court determines that, in light of unusual circumstances, the guideline level attached to that factor is inadequate." Here, the district court concluded that the Guidelines' two-level vulnerable victim enhancement, § 3A1.1, was inadequate in light of the unusual circumstances of this case. The court noted that the victim, a "three-week-old baby, cruelly abused by its father in whose custody she was entrusted," "represents more than a vulnerable victim"--she "represents an utterly defenseless, completely helpless victim." Compare United States v. Luscier, 983 F.2d 1507, 1514 (9th Cir.1993) (eighty-three-year-old woman, unable to move about without the aid of a walker, a vulnerable victim under § 3A1.1); United States v. White, 974 F.2d 1135, 1140 (9th Cir.1992) (defendant's assault of his two-year-old stepdaughter supports a vulnerable victim enhancement). The court's upward departure for an "utterly defenseless, completely helpless" vulnerable victim was authorized by § 5K2.0.
 
 
 8
 The district court's upward departure for physical injury pursuant to § 5K2.2 similarly meets the first requirement of Lira-Barraza. Section 5K2.2 provides that "[i]f significant physical injury resulted, the court may increase the sentence above the authorized guideline range." The district court stated that "[t]he injury in this case was major. There were several injuries. The victim suffered a fracture of the femur, a fracture of the forearm, a fracture of the tibia, and fracture of the skull. More importantly in the Court's view, these injuries were intentionally inflicted by this defendant on his helpless child." Thus, while the district court did increase Flores's base offense level by four points pursuant to § 2A.2(b)(3)(B), the district court concluded that the Guidelines' enhancement did not sufficiently account for the multiplicity of serious bodily injuries suffered by the victim, any one of which separately would have justified the four-level increase.
 
 B
 
 9
 Flores claims that the district court's upward departure for extreme conduct, pursuant to § 5K2.8, lacked a sound factual basis, and thus failed to meet the second Lira-Barraza requirement. Section 5K2.8 provides that:
 
 
 10
 If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.
 
 
 11
 Flores asserts that the district court's finding that his conduct was "unusually heinous, cruel and brutal" was clearly erroneous because the record indicates that the entire incident took place in a few short minutes in the middle of the night.
 
 
 12
 The district court did not clearly err. The district court noted that the trial testimony of Dr. Richard Howland "shows the enormity of the cruelty in this case and furthermore, that the injury appears to have been gratuitous." Dr. Howland testified "that the fracture of the femur was more likely than not caused by a rotational twisting of the femur ... [and] that the bones of a newborn baby are elastic and do not break easily, therefore this twisting is what caused the fracture...."
 
 C
 
 13
 Flores asserts that the district court's six-level upward departure was unreasonable. The district court stated that "a substantial upward departure may be warranted for any of the court's three separate reasons: the vulnerability of the victim under § 5K2.0, the physical injury under § 5K2.2, and the extreme conduct under § 5K2.8." The court was of the view "that a six level upward departure may be appropriate for these reasons, standing alone or in any combination given the unusual facts of this case." Flores does not explain why he disagrees with the extent of court's departure or by what standard the court's determination was unreasonable. We conclude that the district court's departure was "not unreasonable in light of the circumstances of this case." United States v. Foppe, No. 91-50606, slip op. at 5368 (9th Cir. May 25, 1993); United States v. MacDonald, No. 92-50021, slip op. at 4457 (9th Cir. May 5, 1993) ("The reasonableness test is not an arithmetic exercise, but an exercise of judgment. The district judge had an adequate foundation for his judgment on the extent of the departure.").
 
 III
 
 14
 Finally, Flores argues that the district court's upward departure was unreasonable, as it resulted in a substantially longer sentence than Flores would have received if he were prosecuted in Washington state court. Flores claims that this sentencing disparity violates the "policy of uniformity" upon which the Sentencing Reform Act and the Sentencing Guidelines rest.
 
 
 15
 Flores's argument is without merit. The Guidelines were designed to promote uniformity among federal sentences. United States v. Bear, 932 F.2d 1279, 1283 (9th Cir.1990) (emphasis added).
 
 
 16
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3